### ALANSON TUCKER, JR. & others *vs.* MARCIEN JENCKES.

In an action by the indorsees against the maker of a promissory note, it is not erroneous to refuse to instruct the jury that "if the note was without consideration, as between the payee and the maker, and the plaintiffs had notice of this fact when they received the note, the equities, as between the original parties thereto, are open to the defendant," if there is evidence in the case tending to show that the note was an accommodation note.

HOAR, J. This was an action by the indorsees of a promissory note against the maker. The defendant offered evidence tending to prove that the note was without consideration as between him and the payee, and that the plaintiffs had notice thereof when they received the note. The defendant requested the court to instruct the jury "that if the note was without consideration as between the payee and the maker, and the plaintiffs had notice of this fact when they received the note, the equities as between the original parties thereto were open to the defendant in this action." The court declined to give this instruction, but instructed the jury that in such a case the plaintiffs could only recover to the extent of the consideration upon which they received the note.

The instruction asked is generally true, but not universally. It has no application to the case of an accommodation note given to a payee to enable him to use it for his own benefit, and used by him for the purpose for which it was made. In that case there are no equities between the original parties which bind the indorsee, except those which the court stated. The defendant asked the instruction to be given without qualification ; while not only is there nothing in the bill of exceptions to show that this was not an accommodation note, but it appears by the auditor's report, which is referred to, that the defendant himself testified that it was.                    *Exceptions overruled.*

A. A. *Ranney,* for the defendant.

W. R. P. *Washburn,* for the plaintiffs.